IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| DANA SCHUPP, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:12-CV-04262-NKL |
| v. | ) | |
| | ) | |
| CLP HEALTHCARE SERVICES, INC. | ) | |
| d/b/a HOSPICE COMPASSUS | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant CLP HealthCare Services, Inc. d/b/a Hospice Compassus ("Hospice")'s motion to dismiss Count II of Plaintiff Dana Schupp's Complaint [Doc. # 8]. For the reasons set forth below, Hospice's motion is GRANTED.

**I.  Background**

Schupp filed a three-count complaint against Hospice, claiming: (1) discrimination in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.101, *et seq.*; (2) wrongful termination under the common law of Missouri; and (3) discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. The basis for each claim is the allegation that Hospice unlawfully terminated her employment because she was female and pregnant.

**II.  Discussion**

Hospice moves to dismiss Count II of Schupp's Complaint on the ground that Schupp failed to plead sufficient facts to support a wrongful discharge claim under

1

Missouri's common law. In response, Schupp states that her Complaint incorrectly alleged wrongful termination under the common law of Missouri. Schupp argues that the Complaint, through Count I, adequately pled a violation of the MHRA and Count II incorporated these allegations by reference. Thus, Schupp maintains that Count II should not be dismissed because it states a claim for wrongful termination under the MHRA.

Hospice replies that Count II should be dismissed pursuant to Federal Rule of Civil Procedure 12(f), which permits the Court to "strike from a pleading . . . any redundant . . . matter." This case is almost indistinguishable from *Kramer v. St. Louis Reg'l Health Care Corp.*, 758 F. Supp. 1317 (E.D. Mo. 1991). In *Kramer*, the plaintiff alleged wrongful termination based on her handicap, in violation of Missouri's common law, the MHRA, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq*. In dismissing the plaintiff's wrongful termination claim, the court held:

> Because each of the statutes on which plaintiff relies contains a remedial provision, the Court concludes that plaintiff's claim for recovery based on the violation of a public policy evinced by both statutes is duplicative and unwarranted.

*Kramer*, 758 F. Supp. at 1318-19 (quoting *Gannon v. Sherwood Med. Co.*, 749 F. Supp. 979, 981 (E.D. Mo. 1990)).

The same reasoning compels the dismissal of Count II in the present case. Both the MHRA and Title VII contain remedial provisions, rendering Schupp's claim that she was wrongfully discharged under the MHRA duplicative and unwarranted in light of her claim in Count I that she was discriminatorily terminated in violation of the MHRA. Each claim is premised on the same factual allegations and each claim seeks the same

2

relief.  Furthermore, Schupp has not claimed that she could recover for wrongful termination under a public policy theory even if she could not recover under either of the statutory claims asserted in her Complaint.  As such, Count II is redundant and should be dismissed.  *See* Fed. R. Civ. P. 12(f); *Kramer*, 758 F. Supp. at 1318-19.

### III.  Conclusion

For the foregoing reasons, Hospice's motion to dismiss Count II of the Complaint [Doc. # 8] is GRANTED.

s/ NANETTE K. LAUGHREY

NANETTE K. LAUGHREY

United States District Judge

Dated:  January 14, 2013

Jefferson City, Missouri

3